# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH SYLVESTER BENNETT,**

    **Plaintiff,**

v.                                                **Civil Action No. 5:11cv95**
                                                     **(Judge Stamp)**

**MINERAL COUNTY CIRCUIT COURT of**
**KEYSER, WV,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On July 11, 2011, plaintiff, who is a state prisoner, filed a complaint pursuant to 42 U.S.C. §1983. On July 15, 2011, an order was entered granting the plaintiff's Application to Proceed *in forma pauperis*. The plaintiff's initial partial filing fee was received on July 28, 2011. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e).

## I. THE COMPLAINT

The plaintiff, who is currently incarcerated in the Potomac Highlands Regional Jail ("PHRJ") in Augusta, West Virginia, has filed a complaint against the Mineral County Circuit Court of Keyser, West Virginia ("MCCC of Keyser, WV"), alleging that his civil rights "have been deprived," as a result of his September 30, 2010, indictment on charges of child neglect resulting in death and first degree murder.[1] He alleges that despite asking "numerus [sic] times," he has received no paperwork associated with his case, nor any warrant stating that he was charged with first degree murder. Further, he alleges that he has attempted three times to fire his lawyer, but that the court denied all his requests. He asserts that on March 23rd, 2011, the

---

[1] The plaintiff's complaint is hand-written using minimal punctuation, which in some places, lends itself to ambiguous interpretation.

prosecutor "asked a woman that has nothing to do with my case . . . if she wanted him to proceed with the first degree murder she said yes he said he was pushing for max sentence I was not present my mother and sister were[.]" He contends that on June 17, 2011, his lawyer advised him that the reason the prosecutor would not drop the charges "is because he feels for the family and feels sorry for them." Finally, he alleges that "I was not given the opion [sic] to plead guilty or not guilty at my indictment."

As relief, the plaintiff demands that the "charges against me be dropped as well as the sum of $2,000,000." (Dkt.# 1-2 at 2)..

## II. **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request for damages against the defendant has no

chance for success because the defendant is immune from such relief. In addition, the plaintiff's request that the state charges pending against him be dropped has no chance for success. Therefore, the undersigned recommends that this case be dismissed.

### III. ANALYSIS

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

In the instant case, the plaintiff does not name any person as a defendant, but instead, names the MCCC of Keyser, WV. The MCCC of Keyser, WV is not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 200) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (Neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. 1983). This rule

3

applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Dkt.# 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted.

Any party may file **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: October 13, 2011

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE