IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH SYLVESTER BENNETT,

        Plaintiff,

v.                                        Civil Action No. 5:11CV95
                                                            (STAMP)

MINERAL COUNTY CIRCUIT COURT
OF KEYSER, WV,

        Defendant.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, Joseph Bennett, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that a September 30, 2010 indictment brought against him, alleging charges of child neglect resulting in death and first degree murder, deprives him of his civil rights.  The plaintiff, who is currently incarcerated at the Potomac Highlands Regional Jail in Augusta, West Virginia, claims that he has received no paperwork regarding his case, nor has he seen any warrant informing him that he has been charged with first degree murder.  He also claims that his lawyer told him that the prosecutor was continuing to pursue the charges against him "because he feels for the family and feels sorry for them," that he was not given the opportunity to plead guilty or not guilty at his

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

indictment, and that he has attempted to fire his lawyer multiple times, but has had each of these requests denied.  Finally, his complaint alleges that on March 23, 2011, the prosecutor "asked a woman that has nothing to do with my case . . . if she wanted him to proceed with the first degree murder she said yes he said he was pushing for max sentence I was not present my mother and sister were[.]"

This case was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation 2.  After initial review, the magistrate judge entered a report and recommendation that this Court dismiss the plaintiff's complaint with prejudice. The magistrate judge informed the plaintiff that if he objected to any portion of the report and recommendation, he was required to file written objections within fourteen days after being served with copies of the report.  No objections were filed.  For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  If no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  28 U.S.C.

§ 636(b)(1)(A).   As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." Id.

### III. Discussion

Under 28 U.S.C. § 1915(e)(2)(b), a court is required to review complaints filed by prisoners against governmental entities or their officers or employees and dismiss any portion of the complaint found to be frivolous or malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from providing such relief.  In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Accordingly, dismissal for frivolity should only be ordered when the legal theories advanced by the complaint are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

3

The only defendant that the plaintiff has named in this civil action is the Mineral County Circuit Court of Keyser, WV.  As outlined by Magistrate Judge Seibert in his report, suits under 42 U.S.C. § 1983 must be brought against a "person."  Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).  It is established law that governmental entities such as jails and courts are not "persons" under § 1983, and are thus not amenable to suit under the statute.  See Will v. Mich. Dept. of State Police, 491 U.S. 58 (1989).  Accordingly, this Court agrees with the magistrate judge that, as a matter of law, the Mineral County Circuit Court of Keyser, WV is an improper defendant in this action, and thus the action must be dismissed for failure to state a claim upon which relief can be granted.

## IV.  Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the plaintiff has failed to object, he has waived his right to seek appellate review of this

4

matter.   See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   April 19, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

5